■ In the Matter of SHAWN G. JOHN J. CLEARY, as Assistant Director Protective Services, Services to Children, Appellant; HENRY G. et al., Re-

spondents. In the Matter of HENRY G. and Another. JOHN J. CLEARY, Assistant Director Protective Services, Services to Children, Appellant; HENRY G. et al., Respondents.—In proceedings pursuant to article 10 of the Family Court Act, the appeal is from an order of the Family Court, Nassau County, entered December 13, 1979, which dismissed petitions seeking to declare Shawn G. to be an abused and neglected child, and Regan and Henry G. to be neglected children, respectively, and which further directed the Department of Social Services to return Shawn to the care and custody of his parents, forthwith. Order modified, on the law, by adding a provision thereto conditioning Shawn's return to the care and custody of his parents on the family's participation with Shawn in a course of professional counseling. As so modified, order affirmed, without costs or disbursements. We find correct the Family Court's conclusion that Shawn G. is not an abused and neglected child within subdivisions (e) and (f) of section 1012 of the Family Court Act. The discipline invoked by Shawn's parents on the night of May 12, 1979 was not so unreasonable as to take it without the contours of the qualified parental privilege to use physical force on a disobedient child for purposes of education, training, and/or to preserve discipline and maintain conformity with reasonable parental rules and regulations. However, even though we agree that Shawn's removal from his family is not warranted on these facts, we further feel that Shawn's return to his family should be conditioned on the family's participation in professional counseling. Shawn is a deeply troubled child who may continue to exhibit disruptive behavior for some time. Shawn's behavior has already left its mark on his mother, and it may redound to the detriment of his younger siblings as well. We therefore suggest therapy as a measure to alleviate the pressure that this beleaguered family will most certainly feel upon Shawn's return, and their consequent adaptation to his explosive conduct. Whereas we lack statutory authority to order participation in counseling, we do so pursuant to case law (see *Matter of Daryl R. L.,* 67 AD2d 948). Margett, J. P., Martuscello, O'Connor and Weinstein, JJ., concur.